JUDGE ROMAN

**14 CV 2245**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| STEVEN KAUFMAN, | : | Case No. |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| - against - | : | **VERIFIED COMPLAINT** |
| | : | |
| TOWN OF NEW CASTLE, NEW YORK; | : | |
| GENNARO FAIELLA; PENELLE PADEREWSKI; | : | |
| ROBERT BREEN and CHARLES FERRY | : | |
| | : | |
| *Defendants.* | : | Trial by Jury |
| | : | |

---

Plaintiff, STEVEN KAUFMAN, by and through his attorneys, Wolin & Wolin, complaining of the defendants, TOWN OF NEW CASTLE, NEW YORK; GENNARO FAIELLA, PENELLE PADEREWSKI; ROBERT BREEN and CHARLES FERRY, alleges as follows:

### Preliminary Statement

1. This is an action brought pursuant to 42 U.S.C. § 1983 *et seq.* in which plaintiff alleges a violation of his rights to due process and the equal protection of the law under the Fifth and Fourteenth Amendments to the Constitution of the United States.

### Statement Pursuant to Local Rule 9

2. For purposes of complying with Local Rule 9, plaintiff states that he has no corporate parent, subsidiary or affiliate and that there are no other interested parties.

## Jurisdiction & Venue

3. The jurisdiction of the court over this controversy is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1346 and 2301.

4. Venue in the Southern District of New York is proper pursuant to 28 U.S.C. § 1391.

## Parties

5. Plaintiff STEVEN KAUFMAN was and still is a citizen of the United States and a resident of the County of Putnam, State of New York, which is within the Southern District of New York.

6. Defendant TOWN OF NEW CASTLE, NEW YORK was and still is a municipal corporation duly organized and existing pursuant to the laws of the State of New York and has a principal place of business in the County of Westchester, State of New York, which is within the Southern District of New York.

7. Defendant GENNARO FAIELLA was the former duly appointed and sworn Town Administrator of defendant Town.

8. Defendant PENELLE PADEREWSKI (hereinafter "Paderewski") was the former duly appointed and sworn Town Administrator of defendant Town.

9. Defendant ROBERT BREEN (hereinafter "Breen") was the former duly appointed and sworn Police Chief of the New Castle Police Department.

10. Defendant CHARLES FERRY (hereinafter "Ferry") is the duly appointed and

sworn Police Chief of the New Castle Police Department.

11.     The actions complained of may be fairly said to represent official policy, ordinance and custom of defendant Town and were committed, promulgated, approved and carried out by public officials high enough in defendant, including the individual defendants, so that the actions, as complained of, may be said to represent municipal decision making.

### Facts

12.     Plaintiff became employed by defendant Town as a Police Officer in or about 1983.

13.     Plaintiff was continuously employed when, by letter dated May 8, 2007, he notified defendant Breen, former Police Chief, that he had filed for Police Service Pension on May 7, 2007. Plaintiff further wrote that "My retirement is effective immediately as per my instructions."

14.     The New York State and Local Retirement System's Application for Service Retirement (Form R56037-I) states "This Application must be on file with the Retirement System for at least 30 days but not more than 90 days before your retirement can become effective."

15.     In a letter dated May 17, 2007, defendant Breen acknowledged receipt of plaintiff's May 8, 2007 retirement letter and directed plaintiff to "immediately surrender your badge, hat, shield, identification card and service pistol" to the Department.

16. On May 29, 2007, defendant Town received a letter from the New York State and Local Retirement System stating "[Plaintiff] has filed an application for Service Retirement effective June 6, 2007. He will be a retired Police Officer as of that date."

17. The New York State and Local Retirement System did retire plaintiff effective June 6, 2007 and he began receiving his police service retirement benefits.

18. In July 2005, defendant Town had proffered Charges and Specifications against plaintiff, pursuant to § 75 of the Civil Service Law.

19. Plaintiff vigorously disputed the allegations and a hearing was held in 2006 and 2007 before a Hearing Officer.

20. On May 31, 2007, the Hearing Officer issued a Report and Recommendation, in which he recommended plaintiff's termination.

21. Defendant Town received the Report and Recommendation on June 4, 2007. Defendant's Town Board met, after normal business hours, in the evening of June 5, 2007, voted to adopt the Report and Recommendation and terminated plaintiff's employment.

22. In a letter dated June 6, 2007, defendant Faiella, former Town Administrator, notified plaintiff that his employment was terminated effective June 5, 2007.

23. Thereafter, defendant Town, through the individual defendants, refused to recognize plaintiff as a "retired" employee, despite the fact that he was duly retired

by the State of New York.

24. As a result, defendant Town acted to terminate plaintiff's health insurance coverage to which he would otherwise be entitled as a retired police officer under defendant's collective bargaining agreement. Defendant Town also refused to afford plaintiff all rights and status that he was entitled to as a retired police officer, including, but not limited to, refusing to recognize him as a qualified retiree under the Law Enforcement Officers Safety Act and in refusing to provide him with his identification and credentials as a retired police officer.

25. Plaintiff challenged defendant Town's termination of his health insurance benefits for he and his family. The matter proceeded to arbitration before Margaret Leibowitz, Arbitrator, State of New York Public Employment Relations Board (PERB).

26. In an Award dated December 30, 2009, Arbitrator Leibowitz concluded, based upon the record, that plaintiff's "termination and the retirement occurred on June 6, 2007."

27. The Arbitrator continued "I am persuaded that the parties intended that a determination of 'retired police officer' status by the New York State and Local Retirement System would govern." The Arbitrator then stated that "The State's determination is controlling" and that "Having achieved 'retired employee' status, effective June 6, 2007, under state law, the [Plaintiff] was a 'retired employee' eligible for ... retiree health insurance coverage for himself and his family."

28.  The Arbitrator's Award was ultimately confirmed by the Honorable J. Emmett Murphy, Supreme Court Justice, Westchester County. Judgment was entered. Defendant Town has failed and refused to comply with the judgment entered.

29.  Despite the conclusion that plaintiff's retirement status should be governed by his retired status under state law, defendant Town refuses to recognize plaintiff as "retired" and has failed to provide him with the recognition and status as a retired police officer. Defendant Town refuses to consider plaintiff as a "qualified retired law enforcement officer" and refuses to provide him with the recognition and credentials afforded to a retired police officer.

30.  In order to be considered a "qualified retired law enforcement officer," for purposes of the Law Enforcement Officers Safety Act, a person must have been separated from service in good standing from service with a public agency as a law enforcement officer.

31.  Defendant Town does not consider plaintiff to be a "qualified retired law enforcement officer," refuses to recognize plaintiff as "retired" and has failed and refused to provide plaintiff with the necessary identification, credentials and recognition usually given to retired police officers, including, but not limited to, an identification card under the Law Enforcement Officers Safety Act.

32.  Defendant Town's refusal and failure to recognize plaintiff as "retired" has been ongoing and continues to the present time.

Case 7:14-cv-02245-NSR   Document 1   Filed 04/01/14   Page 7 of 11

33. Defendant Town's refusal and failure to recognize plaintiff as "retired" has been approved and condoned by the individual defendants.

34. The actions of defendants and those acting on their behalf were wrongful, willful, unlawful, intentional, punitive, malicious and without any legitimate reason.

35. As a proximate result of defendants' intentional and wanton conduct, plaintiff has been held up to public ridicule, forced to endure extreme emotional upset and anxiety, been publicly humiliated, shamed and degraded and has had his professional reputation impaired.

## Count I

36. Defendant Town has adopted and implemented various procedures, policies, rules, regulations and contractual provisions that govern the manner in which retired police officers, such as plaintiff, are to be treated.

37. The individual defendants had knowledge of the various procedures, policies, rules, regulations and contractual provisions.

38. Defendants were obligated to adhere to and administer the various procedures, policies, rules, regulations and contractual provisions in a fair and evenhanded manner and to treat all police officers without regard to personal motives.

39. Plaintiff had the expectation and the legitimate claim of entitlement that defendants would adhere to the various procedures, policies, rules, regulations and contractual provisions in a fair and evenhanded manner and without regard to personal

-7-

motives.

40. Contrary to its obligations and plaintiff's expectations, defendants did not adhere to and administer the various procedures, policies, rules, regulations and contractual provisions in a fair and evenhanded manner and without regard to personal motives.

41. By not adhering to and administering the various procedures, policies, rules, regulations and contractual provisions in a fair and evenhanded manner and without regard to personal motives, defendants blatantly caused plaintiff irreparable damage and violated the property rights that he possessed as a retired police officer.

42. The actions and omissions of defendants and their agents, servants and employees, as complained of and engaged under color of law, constitute a violation of plaintiff's right to procedural and substantive due process guaranteed to him by the Fourteenth Amendment to the Constitution of the United States.

43. Defendants have thereby violated 42 U.S.C. § 1983.

44. By reason of the foregoing actions and omissions of defendants and their agents, servants and employees, plaintiff has experienced and continues to experience humiliation, extreme emotional distress, pain and suffering, embarrassment and has suffered and continues to suffer damage to his reputation and standing and has been and continues to otherwise be damaged due to the willful and wrongful conduct of defendants.

45. By reason of the foregoing, plaintiff has become entitled to an award of compensatory damages in an amount to be determined by a jury, at trial, with interest, costs and disbursements.

## Count II

46. The arbitrary, capricious and differing manner in which defendants and their agents, servants and employees treated plaintiff is not rationally or adequately related to legitimate state interest nor does it serve a substantial government interest.

47. Others similarly situated have not suffered the same deprivations.

48. Defendants' actions against plaintiff have been in bad faith and based upon impermissible considerations and motivated by a bad faith intent to injure plaintiff.

49. The actions and omissions of defendants and their agents, servants and employees, as complained of and engaged in under color of law, constitute a violation of plaintiff's right to equal protection guaranteed to him by the Fourteenth Amendment to the Constitution of the United States.

50. Defendants have thereby violated 42 U.S.C. § 1983.

51. By reason of the foregoing actions and omission of defendants and their agents, servants and employees, plaintiff has experienced and continues to experience humiliation, extreme emotional distress, pain and suffering, embarrassment and has suffered and continues to suffer damage to his reputation and standing and has been and continues to otherwise be damaged due to the willful and wrongful conduct of

defendants.

52. By reason of the foregoing, plaintiff has become entitled to an award of compensatory damages in an amount to be determined by a jury, at trial, with interest, costs and disbursements.

### Jury Demand

53. Plaintiff demands a trial by jury of all issues.

WHEREFORE, plaintiff STEVEN KAUFMAN, respectfully requests that judgement be entered against defendants, TOWN OF NEW CASTLE, NEW YORK; GENNARO FAIELLA, PENELLE PADEREWSKI; ROBERT BREEN and CHARLES FERRY, on each and every count hereinbefore pled, awarding him appropriate injunctive relief, compensatory damages, punitive damages, other appropriate damages, attorneys fees, expert fees, costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

Dated: Jericho, New York
      March _12_, 2014

Respectfully submitted,
WOLIN & WOLIN

By: Alan E. Wolin, Esq.
Attorney for *Plaintiff*
420 Jericho Turnpike, Suite 215
Jericho, New York 11753
Telephone: (516) 938-1199
Facsimile: (516) 938-1178
E-Mail: wolinlaw@aol.com

## VERIFICATION

State of New York            )
                             )ss.:
County of Nassau             )

STEVEN KAUFMAN, being duly sworn, deposes and says:

I am the plaintiff in the within action and I have read the foregoing Verified Complaint and know the contents thereof, the same is true to my knowledge, except as to those matters therein stated to be based upon information and belief, and as to those matters I believe them to be true.

_____
STEVEN KAUFMAN

Sworn to before me this
12th day of March, 2014

_____
Notary Public

JILL A. FIEMAN
Notary Public, State of New York
No. 49-13075
Qualified in Nassau County
Commission Expires March 9, 2018